UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MICHAEL MILES**, | Case No. 3:26-cv-317 |
| Plaintiff, | |
| v. | Judge: |
| **3MJ Properties, LLC**, an Ohio limited liability company, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Michael Miles, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant **3MJ Properties, LLC,** an Ohio limited liability company**,** for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Michael Miles, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of

1

the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Michael Miles ("Plaintiff" or "Mr. Miles") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. The Defendant 3MJ Properties, LLC owns and/or operates a restaurant known as "Beckett's Burger Bar" located at 1801 Broad Ave., Findlay, OH 45840 in Hancock County.

6. Plaintiff has patronized Defendant's property previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

7.  The facility owned or operated by the Defendant 3MJ Properties, LLC is non-compliant with the remedial provisions of the ADA. As Defendant either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's restaurant is a place of public accommodation.  Defendant's property fails to comply with the ADA and its regulations, as also described further herein.

8.  Mr. Miles is a paraplegic and permanently uses a wheelchair for mobility.  As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9.  Mr. Miles is a Hancock County, Ohio resident and frequents the shops, restaurants, and recreation throughout the region.

10. Mr. Miles and his family are regular customers one or two times monthly at the Beckett's Burger Bar establishment.  Thees include on November 21, 2024, numerous occasions in 2025, January 30, 2026 and on numerous previous occasions, Plaintiff was a customer at Defendant's property, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the

subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the store and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

13. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the restaurant, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Accessible Routes & Parking

    A. There are no accessible routes from public transportation stops and the public right-of-way to the facility entrances they serve, in violation of the ADA and Section 206.2 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

    B. There is no accessible route from the parking to the entrance due to the presence of a sidewalk or ramp in an access aisle with cracks and changes in level, in violation of the ADA and Sections 206.2.1 and 303.2 of the 2010 Standards and 1991 ADAAG section 4.3.8, whose remedy is strictly required or, at minimum, readily achievable.

    C. The designated accessible parking space signage is mounted too low, in violation of the ADA and Section 502.6 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

    D. There are no designated Van accessible parking spaces, in violation of the ADA Sections 502.2 and 502.6 of the 2010 Standards and 1991 ADAAG Section 4.6.3 and 4.6.4, whose remedy is strictly required or, at minimum, readily achievable.

E.  Designated accessible parking spaces either lack access aisles, the access aisle does not connect to an accessible route, and the one marked access aisle is obstructed by a ramp, in violation of the ADA Section 502.2 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

F.  Designated accessible parking space surfaces have excess slope, in violation of the ADA Section 502.4 of the 2010 Standards and 1991 ADAAG Section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

G.  The main entrance has a threshold in excess of ¾ inch, in violation of the ADA Section 404.2.5 of the 2010 Standards and 1991 ADAAG Section 4.13.8, whose remedy is strictly required or, at minimum, readily achievable.

H.  A secondary entrance has excess slope in the entry door maneuvering clearance, in violation of the ADA and section 404.2.4.1 and 404.2.4.4 of the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

<u>Policies and Procedures</u>

I.  The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

J.  The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Michael Miles.

15. The discriminatory violations described in Paragraph 14 by Defendant 3MJ Properties, LLC are not an exclusive list of the ADA violations believed to exist at the place of public accommodation.  Plaintiff requires further inspection of the Defendant's place of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The restaurant at issue, as owned and operated by 3MJ Properties, LLC, constitutes a public accommodation and service establishment, and as such,

must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum

make all readily achievable alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW**
**O.R.C. §4112.01 *et seq*.**

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. 3MJ Properties, LLC owns or operates a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

23. Defendant has committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, Defendant has failed to undertake the barrier removal necessary to provide Mr. Miles and others with mobility impairment a safe and accessible means of parking, entering and exiting the restaurant since acquiring the property.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to bring its place of public accommodation into full compliance with the implementing regulations of the ADA or at minimum make all readily achievable

alterations and institute policies and procedures as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff*:

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. 0074743
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
obdjr@owendunnlaw.com